**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**LAWRENCE ARCHER**

      **Plaintiff,**                               **Civil Action No.: 12-CV-10741**

      **vs.**                                       **District Judge Paul D. Borman**

                                               **Magistrate Judge Mona K. Majzoub**

**CITY OF INKSTER, a Michigan
Municipal Corporation, and
BRIAN DENNIS, an individual,**

      **Defendants.**

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [22]

This matter comes before the Court on Plaintiff Lawrence Archer's Motion to Compel Discovery. (Docket no. 22.) Defendants filed a Response (docket no. 26)[1], and the Parties filed a Joint Statement of Resolved and Unresolved Issues (docket no. 30). The motion has been referred to the undersigned for consideration. (Docket no. 23.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.  Background**

Plaintiff alleges that on March 23, 2010, Camille Perry (a former defendant in this matter) discharged a firearm to break up a fight between Plaintiff's grandson and Perry's son. (Docket no. 1-2 ¶ 5.) Someone called 911, and two police officers from the Inkster Police department arrived

---

[1]Defendant's Response was improperly docketed as a "Response to [10] MOTION Plaintiff to provide discovery withing 14 days."

on the scene and obtained two firearms from Perry's residence; the officers arrested Perry and Plaintiff. (*Id.* ¶¶ 6-7.) Plaintiff further alleges that later that day, Perry was released, and Defendant Dennis approved the release of Perry's firearms; Plaintiff was held overnight and released the next morning. (*Id.* ¶¶ 9-12.)

Plaintiff contends that later in the afternoon on March 24, 2010, Perry and two other individuals (McClendon and McReynalds–also former defendants in this matter) assaulted Plaintiff with baseball bats and shot him in the left leg. (*Id.* ¶¶ 13-15.) Plaintiff alleges that he was shot with one of the guns that Defendant Dennis released to Perry the day before. (*Id.* ¶ 15.) Plaintiff now brings his claims for false arrest, false imprisonment, gross negligence, and state-created danger against Defendants Dennis and the City of Inkster for the time he spent in jail and for the injuries he sustained at the hands of Perry, McColendon, and McReynalds.[2]

During the course of discovery, Plaintiff served Defendants with Plaintiff's Interrogatories and Requests for Production of Documents. On May 8, 2013, Defendants responded, but Defendants failed to sign their response. (*See* docket no. 22-3 at 2.) Additionally, Defendants objected to several of Plaintiff's interrogatories and requests. (*See* docket no. 22-2.) Plaintiff brought these alleged deficiencies to Defendants' attention, and on May 31, 2013, Defendants provided Amended Answers to Plaintiff's discovery requests, which Defendants properly signed.[3] (*See* docket no. 26-3.) Plaintiff was not wholly satisfied with Defendants' amended Answers and, after conferring with Defendants, filed his instant Motion to Compel, requesting that the Court order

---

[2]Plaintiff's claims against all of the other defendants have been dismissed. (*See* docket no. 6.)

[3]Notably, Defendants' responses with regard to the interrogatories and requests for production at issue in the instant Motion were not changed in their Amended Answers. (*Compare* docket no. 22-2, *with* docket no. 26-3.)

Defendants to supplement their responses to Interrogatory Nos. 2, 3, 5, 6, 14, 15, 16, and 29 and the associated Requests for Production Nos. 2, 3, 5, 14, 15, 16, and 29. (Docket no. 22.) The Parties filed a Joint Statement of Resolved and Unresolved Issues, indicating that they had resolved their issues with regard to Interrogatory No. 15 and Request for Production No. 15. (Docket no. 30 at 2.)

## II.     Governing Law

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). Rule 30 allows a party to conduct a deposition of any person without leave of the Court, subject to certain exceptions. Fed.R.Civ.P. 30(a)(1). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly or if the person whose deposition is sought under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who sent the discovery or noticed the deposition the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B). If a court grants a Rule

37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a).

### III. Analysis

Plaintiff's Motion alleges generally that Defendants' responses to his discovery requests were insufficient because Defendants "have given generic objections or stated that the line of questioning can be pursued at the deposition of Brian Dennis." (Docket no. 22 at 4.) Defendants respond by arguing in a similarly vague fashion that "Plaintiff has not identified how Defendant's (sic) responses are insufficient or how the objections are improper–only to call them generic without any support for that assertion."[4] (Docket no. 26 at 4 (emphasis removed).) Defendants further argue that "[t]he crux of Plaintiff's frustration is that they did not pursue a single deposition" and that the chain-of-custody report related to Perry's firearms, which was sent to Plaintiff, harms his case.[4] (*Id.* at 4-5.) The Court will address each of the Interrogatories and Requests for Production in turn (or together where related).

#### A. Interrogatory No. 2

Plaintiff's Interrogatory No. 2 asks Defendants whether "Brian Dennis [was] ever employed

---

[4]In the Parties Joint Statement, Defendants do provide one example in support of their objection to Interrogatory No. 14, which the Court will discuss when addressing the same herein. (*See* docket no. 30 at 4.)

[4]Defendants also assert that Plaintiff's Interrogatories do not conform to the Federal Rules of Civil Procedure because Plaintiff's 38 interrogatories exceed the 25 interrogatories allowed under Fed. R. Civ. P. 33(a)(1). (Docket no. 26 at 4.) Defendants, however, did not object to answering any of Plaintiffs' interrogatories on these grounds and, to the contrary, provided what they contend are complete and sufficient answers to Plaintiff's Interrogatories. Therefore, Defendants have waived this objection. *See* Fed. R. Civ. P. (b)(4).

as a police officer prior to appointment as a police officer of the City of Inkster, and if so, provide detailed information regarding such employment. (Docket no. 22-2 at 2.) Defendants responded that "[t]his line of questioning may be pursued at the deposition of Defendant Detective Brian Dennis." (*Id.*)

Although Defendants are undoubtedly correct that Plaintiff *could* have pursued this line of questioning at Defendant Dennis's deposition, Defendants neither point to, nor is the Court aware of a rule, that *requires* a plaintiff to depose a defendant, regardless of whether the defendant is willing to be deposed. To the contrary, Fed. R. Civ. P. 30 provides that "[a] party *may* . . . depose any person, including a party." Fed. R. Civ. P. 30(a)(1)(emphasis added). Moreover, Fed. R. Civ. P. 33 *requires* a party to answer interrogatories, and the Court is aware of no rule that abrogates such a requirement even if the party is also participating in a deposition. *See, generally*, Fed. R. Civ. P. 33(b). Therefore, the Court will order Defendants to answer Plaintiff's Interrogatory No. 2 to the extent that they have the information requested.

### B. Request for Production No. 2

Plaintiff's Request for Production No. 2 asks that Defendant "produce any and all documents relating to the previous employment as a police officer" identified in Interrogatory No. 2. (Docket no. 22-2 at 2-3.) Defendant objected to this request as "overly broad, unduly burdensome, vague, not relevant nor likely to lead to the discovery of relevant or admissible evidence." (*Id.* at 3.) While Plaintiff is correct that objections made under Fed. R. Civ. P. 33(b)(4) must be made with specificity, the Court agrees with Defendant that Plaintiff's request is overly broad. Based on the plain language of Request for Production No. 2., Defendant Dennis would be required to produce "any and all documents related to [his] previous employment as a police officer," assuming such employment even exists, including for example, pay stubs, tax returns, correspondence with other

officers, or any other documents in his possession, custody, or control. The Court will not order such production and will, therefore, deny Plaintiff's Motion with regard to Request for Production No. 2.

### C. Interrogatory No. 3 and Request for Production No. 3

Plaintiff's Interrogatory No. 3 asks Defendants whether "Brian Dennis [was] ever a defendant in any suit which charged him, individually or in an official capacity as a police officer of the City of Inkster, or any other employment as a police officer," and if so, asks Defendants to provide the name and address of the plaintiffs and defendants; the nature of the causes of action; the dates, courts, and venues of each suit; the names and addresses of the attorneys involved; and the results of each suit. (Docket no. 22-2 at 3.) Plaintiff's Request for Production No. 3 asks for "any and all documents relating to the allegations" contained in any suits disclosed pursuant to Interrogatory No. 3. (*Id.*) Defendants responded to Interrogatory No. 3 and Request for Production No. 3. by objecting that they were "overly broad, unduly burdensome, vague, not relevant, nor likely to lead to the discovery of relevant or admissible evidence." (*Id.*) Again, while Defendants' response is not a model of specificity, the Court will not grant a motion ordering such broad production. Such an order could require Defendants to provide information and produce documents related to an exorbitant number of cases that are wholly irrelevant to the instant matter. Moreover, as written, Plaintiff's Interrogatory No. 3 is incomprehensible. For example, the main body of the question asks for suits in which Defendant Dennis was "charged," which implies that Plaintiff seeks criminal matters in which Defendant Dennis was charged criminally. Subsection a., however, asks for Defendants to list the "plaintiff" in each suit, which implies that Plaintiff seeks a listing of civil suits.

Plaintiff's claims in this matter with regard to Defendant Dennis surround his alleged

improper handling of evidence–specifically, his alleged improper release of Perry's firearms from evidence. Any information or documents related to such complaints would be a matter of public record and would be otherwise available to Plaintiff. Therefore, because Plaintiff can acquire this information through other sources, and because Plaintiff's interrogatory as drafted is overly broad, vague, and confusing, the Court will deny Plaintiff's Motion with regard to Interrogatory No. 3 and Request for Production No. 3.

### D.    Interrogatory Nos. 5 and 6, and Request for Production No. 5

Plaintiff's Interrogatory No. 5 asks Defendants to "list the names and current addresses of any and all police officers responding to the claim of Disorderly Conduct at 3616 Farnum, Ave., Inkster, MI 48181 on March 23, 2010 at approximately 2:56 PM." (Docket no. 22-2 at 4.) Request for Production No. 5 requests "any and all documents" relating to Defendants' response. (*Id.*) Interrogatory Number 6 asks Defendants to provide the same information as Interrogatory No. 5, but with respect to the claim of Aggravated Felony Assault on March 24, 2010. (*Id.* at 4-5.) With regard to Interrogatory No. 5, Defendants stated that Officer Shawn Kritzer and former Lieutenant Thomas Diaz responded to the scene. (*Id.* at 4.) With regard to Request for Production No. 5, Defendants pointed Plaintiff to the "attached police report dated March 23, 2010." (*Id.*) And with regard to Interrogatory No. 6, Defendants directed Plaintiff to "see attached police report prepared by Officer Tamika Lance dated March 24, 2010." (*Id.* at 5.)

Plaintiff has not suggested why Defendants' responses are deficient. Defendants raised no objections, and the Court presumes that the documents that Defendants produced included responsive information. To the extent that Defendants failed to provide the addresses for the responding police officers, the Court will not order Defendants to provide such information. The Court cannot determine the relevance of such information, and for purposes of maintaining the

officers' privacy, the Court will not order Defendants to provide the officers' home addresses. Therefore, the Court will deny Plaintiff's Motion with regard to Interrogatory Nos. 5 and 6 and Request for Production No. 5.

### E.     Interrogatory No. 14 and Request for Production No. 14

Plaintiff's Interrogatory No. 14 asks whether there "were . . . in existence, on March 23, 2010, internal procedures for police officers of the City of Inkster," and if so, asks Defendants to provide various details regarding all of the disclosed procedures. (*Id.* at 6.) Request for Production No. 14 requests the production of any related documents. (*Id.* at 7.) Defendant responded that the information sought was "overly broad, unduly burdensome, vague, not relevant, nor likely to lead to the discovery of relevant or admissible evidence." (*Id.*) Defendants added, however, that "if particular internal policies or procedures are identified, they will be produced pursuant to the terms of a protective order." (*Id.*) Defendants note that Plaintiff did not narrow his request. (Docket no. 26 at 4.)

Defendants assert that Plaintiff's objection is vague and overly broad because "Plaintiff never identified *what* policies or procedures he was looking for." (Docket no. 30 at 4.) The Court agrees. As worded, Plaintiff's Interrogatory No. 14 seeks every internal procedure in place for the City of Inkster police department, regardless of whether it is related to the issues at hand. Therefore, the Court will deny Plaintiff's Motion with regard to Interrogatory No. 14 and with regard to the accompanying Request for Production No. 14.[5]

### F.     Interrogatory No. 16 and Request for Production No. 16

---

[5] The Court would be inclined to order Defendants to provide responsive information and produce documents related to Defendants' procedures for handling evidence, but such requests are subsumed by Interrogatory No. 15 and Request for Production No. 15, which the Parties have resolved. (*See* docket no. 22-2 at 7; docket no. 30 at 2.)

In Plaintiff's Interrogatory No. 15, Plaintiff asked whether the City of Inkster had any internal policies in place on March 23, 2010, for the handling of evidence. (Docket no. 22-2 at 7.) Plaintiff's Interrogatory No. 16 asks, "If the answer to Interrogatory #15 is in the affirmative, what is Brian Dennis' role in administering the internal administrative procedures?" (*Id.* at 8.) Defendants objected "to the form and foundation of Interrogatory No. 16 [(and Request for Production No. 16)] as it is unclear, vague and incapable of being answered in its present form." (*Id.*) Defendants further noted that Plaintiff could follow up on this question with Defendant Dennis during his deposition. (*Id.*)

With regard to the suggestion that Plaintiff could inquire with Defendant Dennis during his deposition, this argument fails. *See*, *supra* at Section III.A. Thus, this issue turns on whether Plaintiff's question was "unclear, vague, and incapable of being answered." Although not a model of technical clarity, Plaintiff's question asks "[If the City of Inkster has any internal procedures for police officers to handle evidence,] what is Brian Dennis' role in administering [those] procedures." (*Compare* Interrogatory No. 15, *with* Interrogatory No. 16.) The Court finds that this question is not unclear, vague, or incapable of being answered so long as Defendants answered Interrogatory No. 15. Because the Parties have resolved their issues with Regard to Interrogatory No. 15 and Defendants are providing responses, the Court will order Defendants to answer Interrogatory No. 16. The Court will also order Defendants to produce any related documents, to the extent that any such documents exist and are in Defendants' possession, custody, or control.

### G.     Interrogatory No. 29 and Request for Production No. 29

Interrogatory No. 28 asks whether Plaintiff was taken before a Magistrate for arraignment on March 23, 2010. (Docket no. 22-2 at 9.) Interrogatory No. 29 asks, "If the answer to the preceding Interrogatory #28 is in the negative, state the reason for your failure to bring plaintiff

before a magistrate for arraignment. (*Id.*) Request for Production No. 29 asks for any related documents. (*Id.* at 10.) Defendants' response to Interrogatory No. 28 indicates that Plaintiff was not taken before a Magistrate for arraignment. (*Id.* at 9.) Defendants responded to Interrogatory No. 29 and Request for Production No. 29 by telling Plaintiff to "see attached." (*Id.* at 10.)

Neither Plaintiff nor Defendant provided whatever was "attached" to Defendants' response with regard to these discovery requests. Moreover, Plaintiff has not provided any indication regarding why such information may have been deficient, as it appears that Defendants did not object when providing whatever information they did supply. Thus, without more information, the Court cannot make an informed decision on this issue and will, therefore, deny Plaintiff's Motion with regard to Interrogatory No. 29 and Request for Production No. 29.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [22] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Plaintiff's Motion to Compel a response to Interrogatory No. 2 is GRANTED, and Defendants are ordered to provide a full response to Plaintiff's Interrogatory No. 2 without objection within 21 days of this Opinion and Order;

b. Plaintiff's Motion to Compel a response to Interrogatory No. 16 is GRANTED, and Defendants are ordered to provide a full response to Plaintiff's Interrogatory No. 16 without objection within 21 days of this Opinion and Order;

c. Plaintiff's Motion to Compel production of documents in response to Request for Production No. 16 is GRANTED, and Defendants are ordered to produce within 21 days any responsive documents that are in Defendants' possession, custody, or control; and

d. Plaintiff's Motion to Compel responses to Interrogatory Nos. 3, 5, 6, 14, and 29 and

Requests for Production Nos. 2, 3, 5, 14, and 29 is DENIED.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: December 16, 2013      s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 16, 2013      s/Jane Johnson for
                              Lisa C. Bartlett, Case Manager